# United States District Court
for the
# District of Alaska
Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Angelo Taylor                    Case Number: 3:01-cr-00004-JMF

Sentencing Judicial Officer:    James M. Fitzgerald, Senior U.S. District Court Judge

Date of Original Sentence:      June 1, 2001

Original Offense:               Possession With Intent to Distribute a Controlled Substance
                                Possession With Intent to Distribute a Controlled Substance

Original Sentence:              37 months jail, 3 years supervised release, $200 special assessment

Date Supervision Commenced:     January 6, 2006

Asst. U.S. Attorney: Audrey Renschen            Defense Attorney: Rex Butler

---

## PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that on March 3, 2006, the defendant submitted a monthly report claiming a physical address of 3929 San Roberto #203, Anchorage, Alaska. This was not the defendant's true and correct address. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that on March 10, 2006, the defendant reported a physical address of 11401 Heritage Court #3, Eagle River, Alaska. This was not his actual physical address. This violation is a Grade C violation. |

3   The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that on March 3, 2006, the defendant submitted a monthly report claiming employment at the Alaska Railroad, 9210 Vanguard Drive, Anchorage, Alaska, earning $9.00 per hour. According to the Alaska Railroad, as of March 17, 2006, the defendant was not, nor had he ever, been employed by them. This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

  The term of supervised release should be:

    [X]  Revoked
    [ ]  Extended for _____ year(s), for a total term of _____ years.

[ ]  The conditions of supervised release should be modified as follows:

                         Respectfully submitted,

                         */s/ Travis Lyons*
                         Travis Lyons
                         U.S. Probation/Pretrial Services Officer
                         Date: March 17, 2006

Approved by:

*/s/ Eric D. Odegard*
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]  *The issuance of a summons. The Petition for Supervised Release revocation is referred to the*

Case 3:01-cr-00044-RNBF Document 252 Filed 03/20/2006 Page 3 of 5
*Petition for Warrant or Summons*
*Name of Offender    :    Angelo Taylor*
*Case Number         :    A00-105 CR (JMF)*

Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

REDACTED SIGNATURE

James M. Fitzgerald
Senior U.S. District Court Judge

March 20 2006
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: A01-004 CR (JMF) |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| Angelo Taylor ) | |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Angelo Taylor, and in that capacity declare as follows:

On June 1, 2001, the defendant was sentenced to 37 months jail and three years supervised release for two counts of Possession With Intent to Distribute a Controlled Substance.

The defendant started his supervised release on or about January 6, 2006. Among the defendant's standard conditions of supervision is that he submit a truthful and complete monthly report within the first five days of the month, that he answer truthfully all inquiries by the probation officer, that he notify the probation officer at least ten days prior to any change in residence or employment.

Since his release, and on monthly reports for January and February, 2006, the defendant has reported a physical address of 3929 San Roberto #203, Anchorage, Alaska, residing with his brother, his brother's girlfriend, and their infant child. Several attempts to contact the defendant at that residence were unsuccessful. On March 10, 2006, the defendant was confronted with this information, and that the probation officer did not believe he was actually residing at that residence. The defendant admitted that he was not residing at the San Roberto address, and then reported residing with his girlfriend, Danielle and her sister Crystal at 11401 Heratige Court #3, Eagle River, Alaska. The defendant was counseled regarding the need to report correct information and that it was a condition of his supervised release.

On March 16, 2006, the probation officer attempted to contact the defendant at the reported Eagle River address. According to Crystal, the defendant's girlfriend's sister, the defendant doesn't reside there, nor has he ever resided there. While she answered the door, Crystal was on the telephone with Danielle, Danielle was yelling to her sister to lie to the probation officer and to inform the probation officer that the defendant did indeed reside at their address. Crystal informed her sister that she would not lie and hung up the phone. Crystal then informed that the defendant and her sister have been dating approximately two weeks, and that

he has been at the residence on two occasions, but has never stayed the night there and had no clothing or other personal items there.

On March 17, 2006, the probation officer contacted the Alaska Railroad/ESS Services to confirm his reported employment. The probation officer was informed that the defendant was not, nor had he ever, been employed by them.

Since his release, the defendant's actual physical address has been unknown. He is currently unemployed and failed to pursue reading and writing classes he was referred to. His current whereabouts are unknown.

Executed this 17th day of March, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

_/s/ Travis Lyons_
Travis Lyons
U.S. Probation Officer
District of Alaska