PROB 12C
(7/93)

Received
1-4-07

# United States District Court
## for the
# District of Alaska

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Angelo Taylor       Case Number: A01-004 CR (JWS)

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:     June 1, 2001, 2004

Original Offense:     Possession With Intent to Distribute a Controlled Substance (Two Counts)

Original Sentence:     37 months jail, three years supervised release, $@00 Special Assessment

Date Supervision Commenced:     January 6, 2006

Asst. U.S. Attorney: Audrey Renschen      Defense Attorney: Sue Ellen Tatter

---

### PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on December 29, 2006, the defendant was not residing at his reported address and had failed to notify his probation officer of any address change. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that On December 28, 2006, the probation officer confirmed that the defendant's employment had been terminated and the defendant failed to report that termination to the probation officer. This violation is a Grade C violation. |

-1-

*Petition for Warrant or Summons*
*Name of Offender*      :   *Angelo Taylor*
*Case Number*           :   *A01-004 CR (JWS)*

| | |
|---|---|
| 3 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that The defendant failed to show for drug testing on December 18, 2006. This violation is a Grade C violation. |
| 4 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that The defendant failed to show for a scheduled drug test on December 20, 2006. This violation is a Grade C violation. |
| 5 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that The defendant failed to show for a scheduled drug test on December 29, 2006. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

REDACTED SIGNATURE

Travis Lyons
U.S. Probation/Pretrial Services Officer
Date: January 3, 2007

-2-

*Petition for Warrant or Summons*
*Name of Offender           :       Angelo Taylor*
*Case Number                :       A01-004 CR (JWS)*

Approved by:

**REDACTED SIGNATURE**
_____
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

**REDACTED SIGNATURE**
_____
John W. Sedwick
Chief U.S. District Court Judge

Jan 3, 2007
_____
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

-3-

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case Number: A01-004 CR (JWS) |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| Angelo Taylor ) | |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Angelo Taylor, and in that capacity declare as follows:

On June 1, 2001, the defendant was sentenced to 37 months jail and three years supervised release for two counts of Possession With Intent to Distribute a Controlled Substance.

On September 10, 2003, the defendant was placed in the Cordova Center in order to transition back to the community. On September 16, 2003, the defendant, who was still an inmate of the Bureau of Prisons, walked away from the Cordova Center and a warrant for his arrest was issued. On January 9, 2004, the defendant was arrested by the Anchorage Police Department and he was charged federally with Escape in violation of 18 U.S.C. §751(a).

On August 5, 2004, the defendant was convicted of the Escape and sentenced to 14 months imprisonment and three years supervised release.

The defendant started his supervised release on or about January 6, 2006. Among the defendant's standard conditions of supervision is that he submit a truthful and complete monthly report within the first five days of the month; that he answer truthfully all inquiries by the probation officer, and that he notify the probation officer at least ten days prior to any change in residence or employment, that he not possess or consume illegal drugs, and that he submit to testing as directed.

On March 17, 2006, a petition and declaration alleging three counts of failing to submit truthful and complete written monthly reports was submitted to the Court and a warrant was issued as the defendant had absconded from supervision. On June 2, 2006, the defendant was arrested on that warrant.

On June 6, 2006, another petition and revocation was submitted to the court alleging that the defendant failed to participate in drug testing as required, failed to disclose his personal addresses/provide complete and truthful monthly supervision reports (three counts), and failed to obtain employment.

On June 6, 2006, the defendant had his initial appearance before U.S. Magistrate John D. Roberts. All counts were addressed (both A01-004 CR and A04-008 CR), an attorney (AFPD Tatter) was granted, and denials to all allegations was entered. An evidentiary hearing was set for July 5, 2006.

On July 5, 2006, the defendant admitted to five of the six allegations and evidence was taken on Count 4 ( failing to disclose his personal addresses/provide complete and truthful monthly supervision report). The defendant was found to have committed that allegation as well.

The defendant was sentenced to one month and ten days jail and five months in a community corrections center with both cases to run concurrently.

On October 6, 2006, the defendant submitted to a urine test at the Cordova Center. That test was confirmed to be positive on October 19, 2006. The director at the Cordova Center requested that the defendant be removed from the facility due to the positive test.

On November 1, 2006, the defendant appeared before the Honorable John W. Sedwick, admitted to possessing/consuming marijuana and was sentenced to 51 days jail.

The defendant started another two-year supervised release on December 13, 2006. At that time, conditions of release were discussed and the defendant was given a copy of his original and amended judgements.

On December 18, 2006, the defendant failed to show for a scheduled urine test. On December 19, 2006, the defendant was contacted by SUSPO Odegard and instructed to come in at 0800 the next day for a urine test. The defendant failed to show for that test.

On December 28, 2006, the probation officer confirmed that the defendant was no longer employed at New Sagaya. The defendant failed to report that termination.

On December 29, 2006, the probation officer attempted to contact the defendant at his reported residence. The probation officer was informed by the defendant's brother (Anton) that he was not present and had not seen the defendant in the last two days/nights. The residence is a one-bedroom and there were currently four people occupying the apartment, with two sleeping on the living-room floor.

Executed this 3rd day of January, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Travis Lyons
U.S. Probation Officer
District of Alaska